**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

----------------------------------------------------------------X   **Case No.**

ROBERT SCHUMAN,

                      Plaintiff,                   **COMPLAINT**

           - against -

                                          **PLAINTIFF DEMANDS**
                                          **A TRIAL BY JURY**

JOHN T. MATHER MEMORIAL HOSPITAL OF
PORT JEFFERSON, NEW YORK, INC.,

                      Defendant.

----------------------------------------------------------------X

       Plaintiff, ROBERT SCHUMAN, by his attorneys, PHILLIPS & ASSOCIATES, Attorneys

at Law, PLLC, hereby complain of Defendant, upon information and belief, as follows:

**NATURE OF THE CASE**

1.     Plaintiff complains pursuant to the **Americans with Disabilities Act of 1990**, 42 U.S.C. §

        12101, et seq. ("ADA"), and the **New York State Human Rights Law**, New York State

        Executive Law, § 296 ("NYSHRL"), et seq., and seeks damages to redress the injuries

        Plaintiff suffered as a result of failing to accommodate Plaintiff's disability and being

        discriminated and retaliated against by his employer solely due to his **perceived and or**

        **actual disabilities (substance abuse disorder)**.

**JURISDICTION AND VENUE**

2.     Jurisdiction of this Court is proper under 42 U.S.C. § 12101, et. seq., and 28 U.S.C. §§ 1331

        and 1343.

3.     The Court has supplemental jurisdiction over the claims of Plaintiff brought under state law

        pursuant to 28 U.S.C. § 1367.

4.     Venue is proper in this district in that a substantial part of the events or omissions giving rise

to the claim occurred within the Eastern District of the State of New York. 28 U.S.C. §1391(b).

## PROCEDURAL PREREQUISITES

5.   Plaintiff filed charges of discrimination dated August 14, 2019, upon which this Complaint is based with the Equal Employment Opportunities Commission ("EEOC").

6.   Plaintiff received a Notice of Right to Sue from the EEOC, dated 01/14/2020 with respect to the herein charges of discrimination. A copy of the Notices is annexed hereto.

7.   This Action is being commenced within 90 days of receipt of said Right to Sue.

## PARTIES

8.   That at all times relevant hereto, Plaintiff ROBERT SCHUMAN ("Plaintiff") is a resident of the State of New York and County of Suffolk.

9.   That at all times relevant hereto, Defendant JOHN T. MATHER MEMORIAL HOSPITAL OF PORT JEFFERSON, NEW YORK, INC., (hereinafter "MEMORIAL HOSPITAL") is a domestic not-for-profit corporation with a principal place of business located at 75 North Country Road, Port Jefferson, New York 11777.

10.   That at all times relevant hereto, Plaintiff was an employee of Defendant MEMORIAL HOSPITAL.

## MATERIAL FACTS

11.   In or around November 2017, Plaintiff began working for Defendant MEMORIAL HOSPITAL as a "Registered Nurse," earning approximately forty-two dollars ($42.00) an hour.

12.   Plaintiff was scheduled to work forty hours a week and made approximately an $85,000 annual salary of $85,000.00 per year.

13.     Throughout Plaintiff's employment with Defendant MEMORIAL HOSPITAL, Plaintiff was an above satisfactory employee.

14.     In March 2019, Plaintiff began to seek treatment for his substance abuse after he had been reprimanded at work.

15.     On or about March 25, 2019, Plaintiff was escorted to a meeting with Defendant MEMORIAL HOSPITAL's management, where he was informed, he would be placed on medical leave because he is suspected of substance abuse.

16.     Plaintiff was then escorted to Defendant's Employee Health Department where he tested positive for controlled substances.

17.     Plaintiff took Defendant's concerns seriously and immediately began seeking substance abuse treatment and support.

18.     On or about March 25, 2019, Plaintiff voluntarily admitted himself for substance abuse treatment to Mather Outpatient Chemical Dependency Clinic, where he continues to receive regular monitored drug testing, group therapy, and individual counseling.

19.     On or about April 24, 2019, Plaintiff enrolled into the Statewide Peer Assistance for Nurses (hereinafter "SPAN") program. SPAN program is a resource for individual nurses who are affected by an alcohol or drug-related problems. It is also a resource for healthcare facilities concerned about the effects of alcoholism and drug addiction on the nurse workforce.

20.     On the same day, Plaintiff also began attending a twelve-step substance abuse program to further aid in his recovery. Plaintiff continues to attend this program today.

21.     On April 30, 2019, Plaintiff was diagnosed by the Mather Outpatient Chemical Dependency Clinic with Substance Abuse Disorder.

22.    On May 8, 2019, Plaintiff was accepted into the New York State Professional Assistance Program ("PAP"). He surrendered his nursing license and was given a strict set of rules to follow in order to get his license reinstated.

23.    On June 20, 2019, after a meeting before the PAP board about Plaintiff's progress, his nursing license was reinstated with restrictions.

24.    On June 24, 2019, Plaintiff returned to work at Defendant MEMORIAL HOSPITAL. Plaintiff was assigned to work a regular shift with restrictions in handling narcotics for patients set forth by PAP. Plaintiff performed all of his job requirements with no issue.

25.    On August 2, 2019, Plaintiff was escorted to a meeting with the Emergency Room Department's Director Phil Messina (hereinafter "Mr. Messina"). Mr. Messina alleged Plaintiff posed a great danger to patients, and to the hospital, including himself, and sent Plaintiff home. There was no explanation, justification or any supporting documentations to why Mr. Messina determined Plaintiff was a danger to the public and himself.

26.    On August 5, 2019, Plaintiff reported to work at his scheduled time since he had received no further information from the meeting that took place on August 2. Plaintiff was also afraid of violating Defendant MEMORIAL HOSPITAL'S policy for being out on an unrequested absence. However, Plaintiff was sent back home and was told he would be contacted by Defendant Memorial Hospital's management on his return date.

27.    On or about August 8, 2019, Plaintiff attended a meeting with Mr. Messina and Mr. Pat Slokovitz.  At this meeting, Plaintiff was informed his employment was terminated.

28.    Plaintiff attempted to get a better understanding for the reasons why his employment was being terminated, but Mr. Messina was hostile and would not allow Plaintiff to speak and ask questions. Mr. Messina referenced his lack of trust toward Plaintiff relates to Plaintiff's past

4

of substance abuse problem.

29.   Plaintiff realized he was being discriminated against as he had no previous negative performance issues. In addition, Plaintiff tested negative on all drug tests since March 25, 2019, took all the steps required of him to maintain his sobriety, and seek additional support which he sought voluntarily.

30.   Plaintiff subsequently contacted his PAP'S case manager, Walter Brockway (hereinafter "Mr. Brockway"), who informed Plaintiff that Mr. Messina had contacted his office time several times between August 2, and August 8, seeking information and supportive documentation to show Plaintiff violated his PAP agreement in order to justify his reasons for terminating Plaintiff's employment.

31.   Mr. Brockway explained to Mr. Messina that Plaintiff was doing everything expected of him and that all his drug test results since March 25, 2019, were negative.

32.   On August 13, 2019, Plaintiff initiated a grievance with Defendant MEMORIAL HOSPITAL'S Human Resources department concerning his wrongful and discriminatory discharge.

33.   On August 14, 2019, Plaintiff filed a discrimination charge against Defendant and Mr. Messina with the Equal Employment Opportunity Commission.

34.   Plaintiff understood that his termination was a result of his substance abuse disorder and his need for an accommodation.

35.   Upon information and belief, Plaintiff could have performed all of his job functions with reasonable accommodations.

36.   Plaintiff requested reasonable accommodations in order to manage his substance abuse disorder when he shared the restrictions set by the PAP board.

37.     Defendant MEMORIAL HOSPITAL took away Plaintiff's reasonable accommodation for his disability (substance abuse disorder) when they terminated Plaintiff's employment.

38.     Defendant MEMORIAL HOSPITAL failed to engage in an interactive process with Plaintiff in regard to his request for a reasonable accommodation; instead, choosing termination even while Plaintiff was maintaining his sobriety and abiding by all the terms of his restricted nursing license.

39.     Defendant MEMORIAL HOSPITAL'S actions and conduct were intentional and intended to harm Plaintiff.

40.     As a result of Defendant  MEMORIAL HOSPITAL'S actions, Plaintiff feels extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed.

41.     As a result of the acts and conduct complained of herein, Plaintiff has suffered a loss of income, the loss of a salary, bonus, benefits, and other compensation which such employment entails, and Plaintiff has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses. Plaintiff has further experienced severe emotional and physical distress.

42.     Plaintiff's medical condition constituted an impairment that substantially limited one or more of his major life activities within the meaning of § 12102(1)(A) of the ADA.

43.     Plaintiff was, and remains, a qualified individual who can perform the essential functions of his employment with or without a reasonable accommodation as defined by § 12111(8) of the ADA.

44.     As a result of the above, Plaintiff has been damaged in an amount which exceeds the jurisdiction limits of the Court.

45.　Defendant  MEMORIAL HOSPITAL'S conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law. As such, Plaintiff demands Punitive Damages as against Defendant.

### AS A *FIRST* CAUSE OF ACTION
### FOR DISCRIMINATION UNDER THE ADA

46.　Plaintiff repeats, reiterates, and realleges each and every paragraph above as if said paragraphs were more fully set forth herein at length.

47.　Defendant MEMORIAL HOSPITAL violated the Americans with Disabilities Act of 1990 (Pub. L. 101-336) (ADA), as amended, as these titles appear in volume 42 of the United States Code, beginning at section 12101.

48.　Title 42 of the Americans with Disabilities Act of 1990, Chapter 126, Subchapter I, Section 12112, Discrimination [Section 102] states: "(a) General rule. - No covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment."

49.　Defendant MEMORIAL HOSPITAL engaged in an unlawful discriminatory practice by discriminating against Plaintiff because of his disability (substance abuse disorder).

50.　As such, Plaintiff has been damaged as set forth herein.

### AS A *SECOND* CAUSE OF ACTION
### FOR RETALIATION UNDER THE ADA

51.　Plaintiff repeats, reiterates, and realleges each and every paragraph above as if said paragraph was more fully set forth herein at length.

52.　The ADA prohibits retaliation, interference, coercion, or intimidation.

53.　42 U.S.C. § 12203 provides:

a.   Retaliation. No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter.

b.   Interference, coercion, or intimidation. It shall be unlawful to coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of, or on account of his or her having exercised or enjoyed, or on account of his or her having aided or encouraged any other individual in the exercise or enjoyment of, any right granted or protected by this chapter.

54.   Defendant MEMORIAL HOSPITAL violated this section as set forth herein by terminating

Plaintiff's employment after his request for a reasonable accommodation.

## AS A *THIRD* CAUSE OF ACTION FOR DISCRIMINATION
## UNDER THE NEW YORK STATE LAW

55.   Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs

of this Complaint as if more fully set forth herein at length.

56.    Executive Law § 296 provides that:

1.   It shall be an unlawful discriminatory practice: "(a) For an employer or licensing agency, because of an individual's age, race, creed, color, national origin, sexual orientation, military status, sex, **disability**, predisposing genetic characteristics, marital status, or domestic violence victim status, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

57.   Defendant engaged in an unlawful discriminatory practice by discriminating against the Plaintiff

because of his disability (substance abuse disorder).

## AS A *FOURTH* CAUSE OF ACTION FOR RETALIATION
## UNDER THE NEW YORK STATE LAW

58.   Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this

Complaint as if more fully set forth herein at length.

8

59.     Executive Law § 296 provides that, "7. It shall be an unlawful discriminatory practice for any person engaged in any activity to which this section applies to retaliate or discriminate against any person because he or she has filed a complaint, testified, or assisted in any proceeding under this article."

60.     Defendant engaged in an unlawful discriminatory practice by discriminating against Plaintiff because of his opposition to the unlawful employment practices of the Defendant.

## JURY DEMAND

61.     Plaintiff requests a jury trial on all issues to be tried.

**WHEREFORE**, Plaintiff respectfully requests a judgment against the Defendant:

A.      Declaring that Defendant engaged in unlawful employment practices prohibited by the **Americans with Disabilities Act of 1990**, 42 U.S.C. § 12101, et seq. ("ADA"), the **New York State Human Rights Law**, New York State Executive Law, § 296 ("NYSHRL"), et seq., in that Defendant discriminated and retaliated against Plaintiff on the basis of his disability (substance abuse disorder);

B.      Awarding damages to Plaintiff for all lost wages and benefits resulting from Defendant's unlawful discrimination and retaliation, and to otherwise make him whole for any losses suffered as a result of such unlawful employment practices;

C.      Awarding Plaintiff compensatory damages for mental, emotional and physical injury, distress, pain and suffering and injury to his reputation in an amount to be proven;

D.      Awarding Plaintiff punitive damages;

E.      Awarding Plaintiff attorneys' fees, costs, disbursements, and expenses incurred in the prosecution of the action;

F.      Awarding Plaintiff such other and further relief as the Court may deem equitable, just and

proper to remedy the Defendant's unlawful employment practices.

Dated:  New York, New York
        April 13, 2020

                                        **PHILLIPS & ASSOCIATES,**
                                        **ATTORNEYS AT LAW, PLLC**

                        By:      /s/ Marjorie Mesidor
                                Marjorie Mesidor, Esq.
                                Irene Chan, Esq.
                                *Attorneys for Plaintiff*
                                45 Broadway, Suite 620
                                New York, New York 10006
                                T: (212) 248 - 7431
                                F: (212) 901 - 2107
                                mmesidor@tpglaws.com
                                ichan@tpglaws.com

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

To:  Robert T. Schuman
    69 Pineaire Ave
    Farmingville, NY 11738

From:  Boston Area Office
      John F. Kennedy Fed Bldg
      Government Ctr, Room 475
      Boston, MA 02203

[ ]    On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 520-2019-05255 | Anthony M. Pino, Jr., Enforcement Supervisor | (617) 565-3192 |

THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ]   The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ]   Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ]   The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ]   Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X]   The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ]   The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ]   Other (briefly state)

- NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act: This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice, or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

Equal Pay Act (EPA): EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.

On behalf of the Commission

*Kenneth An*

JAN 1 4 2020

| | |
|---|---|
| Enclosures(s) | Feng K. An,<br>Area Office Director | (Date Mailed) |

cc:  Helen M. Sweeney
    Associate General Counsel
    JOHN T. MATHER MEMORIAL HOSPITAL
    2000 Marcus Avenue
    New    Park, NY 11042